# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE CAYUGA NATION, *et al.*,<br>        Plaintiffs,<br>    v.<br>RYAN ZINKE, *et al.*,<br>        Defendants,<br>THE CAYUGA NATION COUNCIL,<br>        Defendant-Intervenor. | Civil Action No. 17-cv-1923 (CKK) |

## MEMORANDUM OPINION
(March 27, 2018)

The Cayuga Nation is a federally recognized Indian Nation. This case deals with decisions by the Bureau of Indian Affairs ("BIA") and the Assistant Secretary for Indian Affairs of the Department of the Interior ("DOI") that recognized one faction within the Cayuga Nation—now referring to itself as the "Cayuga Nation Council," though alternatively referred to in the administrative record as the "Halftown Group"—as the governing body of the Cayuga Nation for the purposes of certain contractual relationships between that Nation and the United States federal government. These decisions were the product of an adversarial process between the Cayuga Nation Council and Plaintiffs, a rival faction within the Cayuga Nation who assert that they represent the Nation's rightful government. Plaintiffs have filed this lawsuit seeking to overturn the BIA and DOI decisions.

The Court shall address two pending motions in this Memorandum Opinion: Federal Defendants' [16] Partial Motion to Dismiss, and Plaintiffs' [23] Motion to Supplement the Administrative Record. Upon consideration of the pleadings,[1] the relevant legal authorities, and

---

[1] The Court's consideration has focused on the following documents:

the record as a whole, the Court GRANTS Federal Defendants' Partial Motion to Dismiss and DENIES Plaintiffs' Motion to Supplement the Administrative Record.

## I. BACKGROUND

This case arises from a long-standing dispute between rival factions within the Cayuga Nation. Plaintiffs allege that the Cayuga Nation has long been governed by a Council of Chiefs selected and overseen by "Clan Mothers," whom Plaintiffs purport to represent in this litigation. Compl., ECF No. 1, ¶¶ 1-2. Plaintiffs assert that "Cayuga Nation leaders are selected pursuant to the Great Law of Peace, which gives that responsibility of nomination and removal to the women who serve as Clan Mothers, based on input from the members of their clans." *Id.* ¶ 31. According to Plaintiffs, this is a "deliberative and consensus-based" process for selecting leaders. *Id.* ¶ 33. Plaintiffs allege that the United States federal government had previously recognized this form of governance for the Cayuga Nation, and rejected efforts over the years by a faction known as the "Halftown Group" to secure support for the use of a mail-in survey to reconfigure the Cayuga Nation's government. *Id.* ¶¶ 34-36.

---

- Fed. Defs.' Partial Mot. to Dismiss, ECF No. 16 ("Defs.' Mot.");
- Pls.' Opp'n to Fed. Defs.' Partial Mot. to Dismiss, ECF No. 19 ("Pls.' Opp'n");
- Fed. Defs.' Reply in Support of Partial Mot. to Dismiss, ECF No. 33 ("Defs.' Reply");
- Pls.' Mot. to Supplement the Administrative Record and Expedite Discovery, ECF No. 23 ("Pls.' Mot.");
- Fed. Defs.' Opp'n to Pls.' Mot. to Supplement the Administrative Record, ECF No. 30 ("Fed. Defs.' Opp'n");
- Def. Int.'s Opp'n to Pls.' Mot. to Supplement the Administrative Record, ECF No. 34 ("Def. Int.'s Opp'n"); and
- Pls.' Reply in Support of Mot. to Supplement the Administrative Record, ECF No. 36 ("Pls.' Reply").

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

However, in June 2016, Defendant Bruce W. Maytubby, the Eastern Regional Director of the BIA, revealed to Plaintiffs that the Halftown Group intended to conduct a mail-in survey in order to create a new government for the Cayuga Nation, and that it was Mr. Maytubby's view that the proposed survey "would be a viable way of involving the Cayuga people in a determination of the form and membership of their government." *Id.* ¶¶ 37, 40. Plaintiffs contend that this determination was the result of secret meetings between the BIA and the Halftown Group, from which Plaintiffs were excluded. *Id.* ¶ 38. Plaintiffs objected to the proposed survey, arguing that, among other things, it violated Cayuga law. *Id.* ¶ 42.

On December 15, 2016, Defendant Maytubby issued a decision "(1) recognizing the Halftown Group as the government of the Cayuga Nation for purposes of entering into a contract under the ISDEAA [Indian Self-Determination and Education Assistance Act] and declining to recognize Plaintiffs for such purposes; (2) awarding an ISDEAA contract grant to the Halftown Group, on behalf of the Cayuga Nation; and (3) declining to award an ISDEAA contract to [Plaintiffs] on behalf of the Cayuga Nation." *Id.* ¶ 54. Plaintiffs characterize this decision as a reversal of "longstanding federal policy," and challenge it on a number of substantive and procedural grounds. *Id.* ¶¶ 55-81.

Defendant Maytubby's December 15, 2016 decision indicated that it constituted final agency action, *id.*, Ex. A at 15, and was accompanied by a delegation of authority to Mr. Maytubby to take such action, *id.* ¶ 55. Nonetheless, Plaintiffs did not file a lawsuit challenging this decision when it was issued. Instead, Plaintiffs filed a notice of appeal with the Interior Board of Indian Appeals ("IBIA") arguing that additional administrative review was appropriate because the delegation of authority to Defendant Maytubby to take final agency action was ineffective. *Id.* ¶¶ 82-83. The IBIA docketed the appeal and requested briefing on the delegation

3

issue. *Id.* ¶¶ 84-85. Shortly thereafter, Defendant Michael Black, the then-Acting Assistant Secretary – Indian Affairs, withdrew the contested delegation to Mr. Maytubby, and himself assumed jurisdiction over Plaintiffs' administrative appeal. *Id.* ¶¶ 86-87. The parties submitted briefs on the merits of the dispute to Defendant Black, who ultimately issued a decision on July 13, 2017, denying Plaintiffs' appeal of Defendant Maytubby's decision. *Id.* ¶¶ 93-95.

On September 20, 2017, Plaintiffs filed this lawsuit, claiming that Defendants had violated the Administrative Procedure Act ("APA") and Plaintiffs' constitutional right to due process. *Id.* ¶¶ 100-65. As relief, Plaintiffs ask that both Mr. Maytubby's decision and Mr. Black's decision be declared unlawful and vacated, that the Court enjoin Defendants from relying on the vacated decisions for any action by the DOI, that the individuals involved in rendering these decisions be enjoined from further adjudicating the questions in this case, that this matter be remanded to the BIA "for government to government consultation and, as appropriate, decision by a neutral decision-maker on recognition and the Plaintiffs' ISDEAA application," and that they be granted costs and attorneys' fees. *Id.* at 26-27.

## II. LEGAL STANDARDS

### A. Motion to Dismiss for Lack of Jurisdiction

When a motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(1) is filed, a federal court is required to ensure that it has "the 'statutory or constitutional power to adjudicate [the] case[.]'" *Morrow v. United States*, 723 F. Supp. 2d 71, 77 (D.D.C. 2010) (emphasis omitted) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998)). "Federal courts are courts of limited jurisdiction" and can adjudicate only those cases or controversies entrusted to them by the Constitution or an Act of Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In determining whether there is

jurisdiction on a motion to dismiss, the Court may "consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Coal. for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (citations omitted). "Although a court must accept as true all factual allegations contained in the complaint when reviewing a motion to dismiss pursuant to Rule 12(b)(1)," the factual allegations in the complaint "will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." *Wright v. Foreign Serv. Grievance Bd.*, 503 F. Supp. 2d 163, 170 (D.D.C. 2007) (citations omitted).

**B. Motion to Dismiss for Failure to State a Claim**

Under Rule 12(b)(6), a party may move to dismiss a pleading on the grounds that it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Rather, a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**C. Motion to Supplement the Administrative Record**

The APA directs the Court to "review the whole record or those parts of it cited by a party." 5 U.S.C. § 706. This requires the Court to review "the full administrative record that was before the Secretary at the time he made his decision." *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 420 (1971), *abrogated on other grounds by Califano v. Sanders*, 430 U.S.

99 (1977). Courts in this Circuit have "interpreted the 'whole record' to include all documents and materials that the agency directly or indirectly considered . . . [and nothing] more nor less." *Pac. Shores Subdivision, Cal. Water Dist. v. U.S. Army Corps of Eng'rs*, 448 F. Supp. 2d 1, 4 (D.D.C. 2006) (citation omitted). "In other words, the administrative record 'should not include materials that were not considered by agency decisionmakers.'" *Id.* (citation omitted).[2] "[A]bsent clear evidence, an agency is entitled to a strong presumption of regularity, that it properly designated the administrative record." *Id.* at 5. "Supplementation of the administrative record is the exception, not the rule." *Id.* (quoting *Motor & Equip. Mfrs. Ass'n, Inc. v. EPA*, 627 F.2d 1095, 1105 (D.C. Cir. 1979)); *see also Franks v. Salazar,* 751 F. Supp. 2d 62, 67 (D.D.C. 2010) ("A court that orders an administrative agency to supplement the record of its decision is a rare bird.") (citation omitted).

### III. DISCUSSION

The Court will grant Federal Defendants' motion and dismiss Plaintiffs' claims against Defendant Michael Black in his individual capacity. Mr. Black is not a proper Defendant in his individual capacity because this case challenges official government actions, and the relief Plaintiffs seek is available only from the official Defendants—not Mr. Black personally. The Court will deny Plaintiffs' Motion to Supplement the Administrative Record because Plaintiffs have not shown that the decisionmaker considered the documents Plaintiffs seek to add to the record, either directly or indirectly, when rendering the final agency action at issue in this case.

---

[2] There are circumstances under which a plaintiff in an APA case can seek to add evidence to the administrative record that was not considered by the decisionmaker (*e.g.*, where plaintiff demonstrates that defendant should have consider certain factors but failed to do so). Plaintiffs in this case have made it clear that they are not raising such an argument. *See* Pls.' Reply at 3.

6

## A. Federal Defendants' Partial Motion to Dismiss

The Court begins by addressing Federal Defendants' Partial Motion to Dismiss. Most of the Defendants named in this lawsuit are federal agencies or individuals sued in their official capacities. *See* Compl., ¶¶ 16-21. However, Plaintiffs have sued Defendant Michael Black in both his official and individual capacities. *Id.* ¶ 17. Plaintiffs allege:

> Defendant Michael Black is sued in his official capacity as the Acting Assistant Secretary – Indian Affairs, a title he purportedly held when he adjudicated Plaintiffs' appeal from Defendant Maytubby's December 15, 2016 Decision. He is sued in his individual capacity as well. Prior to assuming the title Acting Assistant Secretary – Indian Affairs and adjudicating the appeal of the Regional Director's decision, Black participated in the decision itself, first as BIA Director and, on information and belief, later as Special Advisor to the BIA Director.

*Id.* Defendants move to dismiss Plaintiffs' claims against Defendant Black in his individual capacity.[3]

The thrust of Defendants' Partial Motion to Dismiss is that Plaintiffs cannot sustain a claim under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and that Defendant Black is entitled to qualified immunity from liability for civil damages. *See generally* Defs.' Mot. This focus is somewhat misguided. As Plaintiffs concede, there is no *Bivens* claim asserted in this case. *See* Pls.' Opp'n at 1 ("Defendants seek to dismiss a claim Plaintiffs have not brought"). A *Bivens* claim "is an action against a federal officer seeking damages for violations of the plaintiff's constitutional rights." *Simpkins v. D.C. Gov't*, 108 F.3d 366, 368 (D.C. Cir. 1997). Plaintiffs here do not seek damages. They seek only

---

[3] Some portions of Defendants' motion suggest that it seeks the dismissal of Plaintiffs' entire lawsuit, *see, e.g.*, Defs.' Mot. at 1 (requesting that the Court "dismiss the Complaint"), but the Court understands the motion to actually seek only the dismissal of Plaintiffs' claims against Defendant Black in his individual capacity, *see, e.g.*, *id.* at 12 (in conclusion portion of Defendant's motion, stating that "Plaintiffs' claims as to Defendant Michael Black in his individual capacity should be dismissed").

declaratory and injunctive relief. Accordingly, the question before the Court is not whether a *Bivens* remedy is available on the facts of this case. *See Abou-Hussein v. Mabus*, 953 F. Supp. 2d 251, 264 (D.D.C. 2013) ("Because the plaintiff seeks injunctive relief, which can be enforced only against a federal agency, and not damages against an individual federal officer for the alleged violation of the plaintiff's constitutional rights, *Bivens* does not provide the plaintiff an avenue for the relief he seeks."). Instead, the question is whether it is appropriate to name a government official in his individual capacity as a defendant in a case where the challenged conduct constitutes official government action, and the relief sought can only be obtained from official government actors.

The answer is clear: Defendant Black is not a proper defendant in this case in his individual capacity. Plaintiffs have not alleged any way in which Mr. Black was involved in any of the administrative proceedings challenged in this case in anything other than an official capacity. Plaintiffs succinctly summarize their allegations against Defendant Black in his individual capacity in their Opposition to Defendants' Partial Motion to Dismiss, and all of those allegations relate to Mr. Black's exercise of his official duties. *See* Pls.' Opp'n at 3-4 (arguing that the individual capacity claim is based on, *inter alia*, Defendant's participation in BIA proceedings and hearing an appeal as the Assistant Secretary for Indian Affairs for the DOI). In their Opposition, Plaintiffs make conclusory references to "ultra vires" conduct, and speculate that it is "not clear" whether Defendant Black was acting in his official capacity, Pls.' Opp'n at 4, but the Court is not persuaded. There is simply no plausible allegation that Mr. Black's involvement in the administrative proceedings below was undertaken in an individual capacity.

Moreover, the relief Plaintiffs seek cannot be obtained from Defendant Black in his individual capacity. It can only be obtained from the Defendants in their official capacities.

Plaintiffs ask that the Defendants not rely on the challenged decisions for any DOI actions going forward, such as awarding or disbursing federal funds. Those are actions that only the official Defendants in their official capacities can take or refrain from taking. The official-capacity Defendants are also the parties who would decide what officials are involved in the further adjudication of the federal government's recognition of the governance of the Cayuga Nation, and who would conduct "government to government consultation and, as appropriate, decision by a neutral decision-maker on recognition and the Plaintiffs' ISDEAA application." Compl. at 27. Finally, the decisions Plaintiffs ask the Court to vacate and declare unlawful are official decisions from government agencies, not of Defendant Black personally. In short, Plaintiffs are asking this Court to declare unlawful and restrain official government actions, not actions of Defendant Black in his personal capacity. The case is thus one against the government, not Mr. Black as an individual. *See Dugan v. Rank*, 372 U.S. 609, 620 (1963) ("The general rule is that a suit is against the sovereign if the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act.") (internal quotations and citations omitted).

Under these circumstances, numerous courts have held that claims against government officials in their individual capacities are improper and should be dismissed. *See Feit v. Ward*, 886 F.2d 848, 858 (7th Cir. 1989) (holding that it was improper for plaintiff to have sued government officials in their individual capacities because the policy challenged was that of the government agency for which they worked and the relief sought was available from those individuals only in their official capacities); *Davidson v. United States Dep't of State*, 113 F. Supp. 3d 183, 194 (D.D.C. 2015) (dismissing claim for injunctive relief against government

9

officials in their individual capacities because the relief sought could only be obtained by the individuals in their official capacities); *Leyland v. Edwards*, 797 F. Supp. 2d 7, 12 (D.D.C. 2011) (dismissing claim for injunctive relief against government official in his individual capacity because "[i]njunctive relief . . . is not available against a defendant sued in his individual capacity."); *Hatfill v. Gonzales*, 519 F. Supp. 2d 13, 26 (D.D.C. 2007) (dismissing claims against government officials in their individual capacities because "the relief [plaintiff] seeks can only be provided by the government through government employees acting in their official capacities . . .").

The Court agrees with these authorities. Plaintiffs' claims against Defendant Black in his individual capacity are improper. The actions challenged in this lawsuit are official in nature, and the relief sought would work against the Defendants in their official capacities only. Accordingly, the Court will GRANT Defendants' motion to dismiss Plaintiffs' claims against Defendant Black in his individual capacity.[4]

## B. Plaintiffs' Motion to Supplement the Administrative Record

Next, the Court will deny Plaintiffs' Motion to Supplement the Administrative Record.[5] Plaintiffs seek to supplement the record with three particular documents, as well as one broad category of documents. The first particular document Plaintiffs seek to add to the record is a June 8, 2016 letter from Defendant Maytubby to Ms. Anita Thompson, a representative of the Plaintiffs. *See* Pls.' Mot., Ex. A. In the letter, Mr. Maytubby states that he wanted to make

---

[4] The Court's conclusion does not require it to reach Defendants' arguments about whether Plaintiffs have pled a property interest. Regardless of that issue, Plaintiffs' claims against Mr. Black in his individual capacity are improper.

[5] The Court notes that Plaintiffs' Motion to Supplement the Administrative Record also included a request that the Court order Defendants to provide Plaintiffs with discovery, and to do so on an "expedited basis." At a February 12, 2018 teleconference, the Court ordered that this portion of Plaintiffs' motion would be held in abeyance. Discovery is strongly disfavored in APA cases.

Plaintiffs aware of the Halftown Group's "Statement of Support" campaign. *Id.* He briefly describes the campaign and suggests that Plaintiffs contact Mr. Halftown or his associates if they want further information about it, or if they would like to assist in the crafting of the campaign documents. *Id.* Mr. Maytubby also states that "[t]he Bureau of Indian Affairs has been consulted by Mr. Halftown and his group regarding a way to identify the Cayuga Nation's leadership and confirm or reaffirm the Cayuga Nation's governing structure, and we have agreed that under the current circumstances a 'Statement of Support' process would be a viable way of involving the Cayuga people in a determination of the form and membership of their tribal government." *Id.* However, Mr. Maytubby asked Plaintiffs to be forthcoming if they had any alternative proposals for determining the will of the Cayuga people. *Id.*

Another specific document Plaintiffs seek to add to the record is a June 7, 2016 e-mail chain containing communications between an attorney for the Halftown Group and the DOI's Office of the Solicitor. *See* Pls.' Mot., Ex. B. There are two brief e-mails on the chain, through which the parties arrange a teleconference for June 8, 2016. *Id.* The last specific document Plaintiffs seek to add to the record is a June 15, 2016 e-mail from an attorney for the Halftown Group to DOI and BIA employees. *See* Pls.' Mot., Ex. C. The e-mail provides the DOI and BIA employees with a letter regarding the Cayuga Nation's leadership. *Id.*

Finally, Plaintiffs seek an order that Defendants supplement the administrative record with "[a]ll other documents containing, describing or referring to any other communication between or among the Federal Defendants, the Halftown Group's attorneys, agents or representatives, that were considered, either directly or indirectly, by the BIA but have been omitted from the administrative record by Federal Defendants prior to this action." Pls.' Mot. at 1. Federal Defendants and the Defendant-Intervenor oppose Plaintiffs' motion.

Plaintiffs' motion shall be denied because Plaintiffs have not demonstrated that the administrative record omits documents that were considered by Defendant Michael Black, either directly or indirectly, when he made his July 13, 2017 decision, which is the final agency action under review in this case. The administrative record should "include all documents and materials that the agency directly or indirectly considered . . . [and nothing] more nor less." *Pac. Shores*, 448 F. Supp. 2d at 4. "In other words, the administrative record 'should not include materials that were not considered by agency decisionmakers.'" *Id.* (citation omitted). "[A]bsent clear evidence, an agency is entitled to a strong presumption of regularity, that it properly designated the administrative record." *Id.* at 5.

Plaintiffs cannot overcome this presumption. Their motion is primarily based on the argument that Defendant *Maytubby* considered the documents at issue when making his December 15, 2016 decision. But Plaintiffs' focus on this preliminary decision is misplaced, because it is not the final agency action subject to judicial review by this Court. As described above, although Defendant Maytubby's December 15, 2016 decision purported to be a final agency action, Plaintiffs did not file a lawsuit challenging the decision when it was issued. Instead—perhaps for strategic reasons—they appealed that decision administratively. And, despite the purported finality of Defendant Maytubby's decision, Plaintiffs were successful in obtaining additional administrative review. The delegation of authority that had been issued to Mr. Maytubby to take final agency action was withdrawn. Plaintiffs were given an additional opportunity to argue the merits of their case. Their appeal was considered, and eventually a new decision on the merits of this dispute was issued by Defendant Black.

Because Plaintiffs were able to, and did, appeal Defendant Maytubby's decision and receive additional administrative process, that decision was not "final" for the purposes of APA

review. *See Jicarilla Apache Nation v. U.S. Dep't of Interior*, 648 F. Supp. 2d 140, 146 (D.D.C. 2009) ("It is well-settled that interlocutory agency decisions are not final agency actions within the meaning of the APA."); *Beverly Enterprises, Inc. v. Herman*, 50 F. Supp. 2d 7, 12 (D.D.C. 1999) ("The Court concludes that these counts do not implicate final agency action due to [plaintiff's] administrative appeal of the Administrator's determination . . ."); *see also Oregon Nat. Desert Ass'n v. McDaniel*, 751 F. Supp. 2d 1145, 1149-51 (D. Or. 2010) (in case where plaintiff chose to continue to press claim administratively by filing administrative appeal, rejecting plaintiff's argument that both the underlying administrative decision and the appellate decision were final agency actions that could be reviewed by the court).

Instead, Defendant Black's July 13, 2017 decision is the final agency action that is before the Court. Accordingly, the Court must ensure that the administrative record in this case includes those materials—and only those materials—that were considered when *that decision* was rendered. Federal Defendants represent that the administrative record as certified "represent[s] the universe of documents considered by [Defendant Black] in rendering his final decision." Fed. Defs.' Opp'n at 2. They have provided a declaration from Defendant Black attesting that the current administrative record "was the entirety of the administrative record that was before me and which I consulted during my consideration of [Plaintiffs'] administrative appeal of [Defendant Maytubby's] Decision." *See* Decl. of Michael S. Black, ECF No. 32-1, at ¶ 7. Plaintiffs are unable to rebut this representation with anything other than speculation and conclusory assertions. This is insufficient to overcome the presumption of regularity, and accordingly Plaintiffs' motion fails. *See The Cape Hatteras Access Pres. All. v. U.S. Dep't of Interior*, 667 F. Supp. 2d 111, 114 (D.D.C. 2009) (denying motion to supplement administrative record because plaintiffs' arguments were not "enough to overcome the strong presumption that

[the agency] properly designated the administrative record, and the plaintiffs have not introduced any concrete evidence that" the documents were before the agency); *WildEarth Guardians v. Salazar*, 670 F. Supp. 2d 1, 6 (D.D.C. 2009) (denying motion to supplement administrative record because plaintiff could not "provide reasonable, non-speculative grounds demonstrating that the [the document] itself was *considered,* either directly or indirectly, by the Secretary.") (emphasis in original).

## IV. CONCLUSION

In sum, the Court GRANTS Federal Defendants' Partial Motion to Dismiss and dismisses Plaintiffs' claims against Defendant Black in his individual capacity. Those claims are improper because this case challenges official government actions, and the relief sought can only be obtained by Defendants in their official capacities. In addition, the Court DENIES Plaintiffs' Motion to Supplement the Administrative Record. Plaintiffs have not satisfied their burden of demonstrating that the documents they seek to add to the administrative record were considered when the final agency action under review was taken. An appropriate Order accompanies this Memorandum Opinion.

                                            */s/*
                                        **COLLEEN KOLLAR-KOTELLY**
                                        UNITED STATES DISTRICT JUDGE